## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROGER D. SILK,

     *Plaintiff*,

     v.

BARON BOND, *et al.*,

     *Defendants*

Civil Action No.
1:24-cv-00625-ABA

### MEMORANDUM OPINION AND ORDER

Plaintiff Roger Silk has filed a motion to compel Defendants Baron Bond and Howard Miller to produce three categories of documents or testimony.

### A.    Communications between Defendants and the estate's accountants

Plaintiff seeks production of communications between Defendants, who are the personal representatives of the estate of Frank Bond, on one hand, and the estate's accountants, on the other. Defendants logged those communications, and described the subject as "Consulting Regarding Silk's Demand" and the basis for withholding production as "Work Product." ECF No. 92-10 (log); ECF No. 92-1 at 11 (Plaintiff's motion).[1] Plaintiff argues the work-product assertion fails for three reasons: (1) Defendants have not shown that "the 'primary motivating purpose for creating the document' was 'to assist in pending or impending litigation,'" ECF No. 92-1 at 11 (quoting *Neuberger Berman Real Est. Income Fund v. Lola Brown Tr. No. 1B*, 230 F.R.D. 398, 418 (D. Md. 2005)); (2) Defendants "shared the accountants' 2010 calculations with Silk in 2020 (Howard Miller even testified that Silk was *also* a client of

---

[1] Page numbers herein refer to the ECF pagination in the header of the parties' filings, which do not necessarily align with the documents' original page numbers.

the same accountants),” which Plaintiff contends “waiv[es] any privilege,” *id.*, and (3) Defendants have “selectively disclosed some of those communications and therefore should be required to produce the others even if they had been privileged,” *id.* at 12.

On the first point, Defendants have shown that, at the time of the communications, Plaintiff Silk had, as Defendants put it, “made a demand for fees under alleged contractual arrangements with the Decedent” and thus Defendants “perceived that Silk’s demand presented a risk of litigation.” ECF No. 93 at 4. On the second point, Defendants may have communicated with Silk about the *subject* of his fees in the past, but the specific communications that Plaintiff seeks to compel are from 2021, after Frank Bond died, and Mr. Silk was not a party to those communications. On the third point, it appears that some non-substantive portions of certain email strings may have been produced, but that does not constitute “selective disclosure” or waiver that would require production of communications that are otherwise protected by the work-product doctrine.

For these reasons, the motion to compel communications between Defendants and the accountants, and a request for an adverse inference, are denied.[2]

---

[2] It appears there is a dispute regarding whether certain communications between Defendants and the accountants “regarding the estate tax returns” are responsive and discoverable. Plaintiff seems to contend that any such communications are discoverable, and should have been included on Defendants’ privilege log but were not. ECF No. 94 at 6–7. Defendants contend that all communications with the accountants that are responsive to Plaintiffs’ requests for production of documents have been produced or logged. ECF No. 93 at 4. On the present record the Court has no reason to believe Defendants have failed to produce or log responsive communications. But that issue has not been squarely presented by the motion to compel.

**B.      Communications between Baron Bond and Howard Miller**

Plaintiff next seeks to compel Defendants to produce communications between the two of them during the course of this litigation. Plaintiff argues that even if communications on legal matters are protected by the attorney-client privilege (Mr. Miller is a lawyer) and/or the attorney work-product doctrine, Defendants have not shown that when they engaged in the communications that appear on their privilege log Mr. Miller was "functioning as an *attorney providing legal advice* to Baron Bond in his capacity as personal representative of the Estate" as opposed to "Miller functioning in his appointed role as a *co-personal representative* of the Estate himself." ECF No. 92-1 at 15 (emphasis in original). Plaintiff has not pointed to any specific communications on the log he contends should be produced; his argument seems to be that *none* of the logged communications between Baron Bond and Howard Miller were properly withheld. Plaintiff also seeks an order overruling objections that were raised during Defendants' depositions when Plaintiff asked about communications between Defendants Bond and Miller.

Defendants respond and contend that when they have communicated between themselves during this litigation (which was originally filed in May 2021 in the Central District of California) about the matters at issue in this case, those communications have been privileged because (1) Mr. Miller serves as counsel both to the estate and to Mr. Bond as personal representative, and (2) communications between them have been protected in any event by the common interest or joint defense privilege. ECF No. 93 at 10–11.

Mr. Miller is a Saul Ewing attorney and undisputedly serves as counsel both to the estate and to Mr. Bond as personal representative. When he communicates with Mr.

Bond regarding matters within the scope of those legal representations, the attorney-client privilege applies. This litigation is about Silk's fees. Defendants have sufficiently shown that when they discuss those fees or related matters, those communications are covered by the attorney-client privilege, even if in part those communications also bear on "business"-related aspects of managing the estate.

Accordingly, Plaintiff's request to compel production of communications between Mr. Miller and Mr. Bond is denied.

## C. Communications between Baron Bond and Mayrav Bond

Finally, Plaintiff seeks to compel production of communications between Defendant Bond and his wife, Mayrav Bond. Mayrav Bond is an attorney with the law firm Katz, Baskies and Wolf, and specializes in estate planning and tax advice. Based both on the spousal privilege, and the attorney-client privilege, Defendants have withheld production of communications between Mr. Bond and Ms. Bond on matters relevant to this litigation. Mr. Bond apparently delegated some of his responsibilities as personal representative to Ms. Bond because of her familiarity with trusts and estates; Defendants' counsel instructed him not to testify about conversations with her about Mr. Silk. *See, e.g.*, ECF No. 92-8 at 13. Plaintiff argues that Defendants have not satisfied the elements of the spousal privilege or attorney-client privilege with respect to these communications. ECF No. 92-1 at 17–19.

Without reaching the applicability or scope of the spousal privilege, the Court finds that Defendants have adequately shown that the attorney-client privilege applies to the specific conversations at issue. Ms. Bond is not only an attorney, but has directly applicable expertise, and the record is clear that Mr. Bond consulted her on legal issues within the scope of that expertise. The record is undisputed that Ms. Bond was a

"member of the defense team" as Defendants put it. ECF No. 93 at 13, 14. That is sufficient under Maryland law to establish an attorney-client relationship and that the communications fell within the scope of that relationship.

### Conclusion and Order

For these reasons, Plaintiff's Motion to Compel, ECF No. 92, is DENIED.


Date:  July 15, 2025

_____
*/s/*
Adam B. Abelson
United States District Judge